UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSES CLARK,<br><br>    Plaintiff,<br><br>v.<br><br>LARRY SMALL, Warden; R. MADDEN,<br>Correctional Captain,<br><br>    Defendants. | Civil No. 09cv1484 L(JMA)<br><br>**ORDER DENYING PLAINTIFF'S RENEWED MOTION TO DISQUALIFY [doc. #54]** |

On October 13, 2010, plaintiff filed a motion requesting disqualification of the "referee" in this action. The Court denied the motion for three reasons: (1) plaintiff did not mention who he would like disqualified other than a non-existent "referee;" (2) plaintiff relied entirely on a state procedural statute, California Code of Civil Procedure § 170.6(a)(1), that is not applicable in federal court; and (3) plaintiff made no attempt to support his request for disqualification with any facts supporting his position that an unnamed judge is prejudiced against him. (Order filed October 22, 2010. [doc. #53])

Plaintiff filed an "Affidavit of Prejudice Peremptory Challenge to Judicial Officer" on October 27, 2010." Because plaintiff's motion to disqualify has already been denied, the Court will construe plaintiff's affidavit, memorandum of points and authorities, and declaration as a renewed motion to disqualify.

In his renewed motion to disqualify, plaintiff again relies solely on an inapplicable state

statute. Plaintiff is reminded that he filed his action in the federal court, *i.e.,* the United States District Court for the Southern District of California. Federal procedural law is applied in the federal courts, not state procedural law. Reliance on California Code of Civil Procedure would be appropriate if plaintiff had filed his case in the Superior Court for the State of California but he did not. Plaintiff may not rely on state procedural law to have a federal district court judge or magistrate judge disqualified. For this reason, plaintiff's renewed motion will be denied.

Further, plaintiff states in his declaration that his request for disqualification is based on a discrepancy order filed on May 4, 2010 that struck from the record plaintiff's "reply" to defendants' answer. This argument fails for two reasons. First, Federal Rule of Civil Procedure 7(a)(7) does not provide for the filing of a response or reply to an answer. Because the Federal Rules of Civil Procedure apply to this action, it was proper to strike plaintiff's "reply."

Second, to the extent plaintiff's claim of bias is based on this prior order, the court's ruling may be the basis of appeal to a higher court, but is not the basis for disqualification. *See Liteky v. United States*, 510 U.S. 540, 555-56 (1994); *see also Berger v. U.S.*, 255 U.S. 22, 34, (1921) (adverse rulings alone cannot constitute the necessary showing of bias or prejudice).

For these reasons, plaintiff's renewed motion to disqualify is **DENIED**.

**IT IS SO ORDERED.**

DATED: November 5, 2010

M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL